```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE WESTERN DISTRICT OF NORTH CAROLINA
                   CHARLOTTE DIVISION
                   3:09CV382-MU-02
```

```
ERIC LAMAR TOLBERT,      )
     Plaintiff,          )
                         )
        v.               )
                         )          O R D E R
(FNU) STEVENSON, Supt. of)
   Programs, et al.,     )
   Department;           )
     Defendants.         )
_____ )
```

**THIS MATTER** comes before the Court on Plaintiff's civil rights Complaint brought under 42 U.S.C. § 1983, filed September 1, 2009 (document # 1); and on his Motion for the Appointment of Counsel, filed September 11, 2009 (document # 4). For the reasons stated herein, Plaintiff's Motion for the Appointment of Counsel must be denied; and his Complaint must be dismissed as frivolous.

The Court notes that Plaintiff is no stranger to the federal courts in that he previously has filed at least seven federal cases over the preceding five years. A review of pertinent Court documents reflects that in addition to the cases which he filed which either were dismissed on summary judgment or voluntarily by Plaintiff, on June 14, 2005, he filed a civil rights case in the Eastern District of North Carolina, docketed as case number

5:05CT428-BO, against certain medical personnel at a correctional institution where he was being housed. However, by Order filed July 28, 2006, the Court granted the defendants' Motion for a Judgment on the Pleadings, and dismissed Plaintiff's case upon the determination that he had failed to state a claim for relief on his allegations of deliberate indifference.

On July 5, 2005, Plaintiff filed a Bivens action in the District of Hawaii, docketed as case number 1:05CV419-SOM-LEK, against a Honolulu Police Officer and other agents. However, by an Order filed July 22, 2005, that action was dismissed for Plaintiff's failure to amend his Complaint in compliance with that Court's directive.

Next, on October 21, 2005, Plaintiff filed another civil rights case in the Eastern District of North Carolina, docketed as case number 5:05CT745-FL, against several employees, including some of the medical staff who Plaintiff named in case 5:05CT428-BO. However, on December 5, 2005, the Court dismissed as frivolous a portion of Plaintiff's complaint against certain of the defendants. Thereafter, Plaintiff subsequently voluntarily dismissed his remaining claims.

On July 3, 2007, Plaintiff filed yet another civil rights case in the Eastern District of North Carolina, docketed as case number 5:07CT3088-BO, against twelve individuals, including several guards at Central Prison. On October 13, 2007, the Court

2

dismissed as frivolous Plaintiff's allegations against eight of those defendants. Once again, Plaintiff subsequently voluntarily dismissed his claims against the remaining defendants.

Plaintiff now has come to this Court on the instant Complaint alleging that he has been retaliated against for using the inmate grievance process at the Lanesboro Correctional Institution; and that he was subjected to an excessive use of force on an occasion. Plaintiff also has requested permission to proceed <u>in forma pauperis</u> with this action. However, notwithstanding the fact that Plaintiff's claims do not appear to have merit, this Court has determined that he is not entitled to proceed as a pauper with this action because he previously has had at least three actions dismissed for frivolity and/or his failure to state a claim for relief.

Indeed, 28 U.S.C. § 1915(g) provides that "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." Inasmuch as Plaintiff has not demonstrated that he is under imminent danger of serious physical

3

injury,[1] his Complaint must be dismissed without prejudice to his right to re-file his action along with his payment of the $350.00 filing fee.

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

1. That the instant Complaint is **DISMISSED** without prejudice to Plaintiff's right to pay the filing fee and re-file this action. See 28 U.S.C. §1915(g);

2. That the Clerk's Order waiving the initial filing fee and directing the prison to remit monthly payments from and Plaintiff's inmate trust account (document # 3) is **RESCINDED;** and

3. Plaintiff's Motion for Appointment of Counsel (document # 4) is **DISMISSED** as moot.

**SO ORDERED.**

Signed: October 5, 2009

Graham C. Mullen
United States District Judge

---

[1] No doubt Plaintiff was aware of his need to make such a showing inasmuch as he wrote on the front page of a Complaint which he filed in this Court on July 23, 2009 that he was "under serous risk of danger." See Tobert v. Clark, et al., 3:09CV306-3. Nevertheless, that case was summarily dismissed for Plaintiff's failure to exhaust his administrative remedies on his allegations.