IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:09cv382-MU-02

| | |
|---|---|
| **ERIC LAMAR TOLBERT,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **O R D E R** |
| **(FNU) STEVENSON, Supt. of** ) | |
| Programs; ) | |
| **(FNU) DALRYMPLE, Supt. of** ) | |
| Programs; ) | |
| **FRANKLIN STEELE, Unit Man-** ) | |
| ager; ) | |
| **KENNY MOORE, Unit Manager;** ) | |
| **(FNU) PRESTON, Lieutenant at** ) | |
| Lanesboro Correctional Insti- ) | |
| tution; ) | |
| **ROBERT LEWIS, Director of** ) | |
| Prisons; ) | |
| **(FNU) MULLIS, Sergeant at** ) | |
| Lanesboro Correctional Insti- ) | |
| tution; ) | |
| **(FNU) HORN, Sergeant at** ) | |
| Lanesboro Correctional Insti- ) | |
| tution; ) | |
| **J. BENNETT, Programmer;** ) | |
| **BILLIE J. WEAVER, Disciplinary** ) | |
| Hearing Officer; ) | |
| **(FNU) BRYANT, Correctional** ) | |
| Officer at Lanesboro Correc- ) | |
| tional Institution; ) | |
| **RICHARD NEELY, Supt.** ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** comes before the Court on Plaintiff's civil rights Complaint brought

under 42 U.S.C. § 1983, filed September 1, 2009. (Doc. No. 1).[1]

Plaintiff is an inmate in the custody of the North Carolina Department of Corrections, and is being housed at the Lanesboro Correctional Institution. (Doc. No. 1 at 2). Plaintiff's Complaint sets forth the following allegations. On July 18, 2009, Plaintiff pressed the call button in his cell because he was "tired of the constant sexual advances that [were] coming from [Defendant] C/O Bryant." (Id. at 3). In response, Defendant Mullis went to Plaintiff's cell, along with Defendant Horn, and Mullis sprayed Plaintiff with mace for pressing his call button. (Id.). Defendant Mullis reportedly sprayed Plaintiff without first allowing him to explain why he had pressed the button. (Id.). Later that night, Plaintiff wrote two confidential grievances; however, he does not indicate to whom he sent those documents. (Id.). On or about July 25, 2009, Plaintiff was charged with three infractions; and, despite the fact that Defendant Horn was present during the mace incident, he was assigned to investigate the charges underlying Plaintiff's infractions. (Id.).

On July 27, 2009, Defendants Stevenson and Preston approached Plaintiff at his cell regarding his confidential grievances. (Id.). At that time, Plaintiff advised these Defendants of the mace incident and of Defendant Bryant's sexual harassment. (Id. at 3-4). Plaintiff reportedly asked these Defendants for protection from Bryant, and the Defendants promised to investigate and to protect him but failed to do so. (Id. at 4).

On August 4, 2009, Plaintiff met with Defendant Steele concerning the infractions. (Id.)

---

[1] By an Order entered October 5, 2009, Plaintiff was found to have three strikes against him under the Prison Litigation Reform Act of 1995, due to his prior frivolous filings; he therefore, was determined to have been ineligible to proceed in forma pauperis; and his Complaint was dismissed, without prejudice, to his right to pay the filing fee and to re-file the matter. (Doc. No. 3). However, the Fourth Circuit Court of Appeals reversed this Court's determination that Plaintiff has three strikes and remanded this matter for further proceedings. __ F.3d. __, 2011 WL 490500 at * 8 ( 4th Cir. Feb. 14, 2011).

2

However, Plaintiff also advised Defendant Steele of Defendant Bryant's sexual harassment, at which point Steele promised to assign Defendant Kinney Moore to investigate Plaintiff's allegations. (Id.). Later that day, Defendant Moore met with Plaintiff, took his statement, promised a confidential investigation, and told Plaintiff he would be advised of the conclusion of the investigation. (Id.). In the meantime, on August 7, 2009, Defendant Weaver conducted a hearing on Plaintiff's infractions. (Id. at 4-5). Plaintiff told Defendant Weaver that he had pushed his call button as a result of Defendant Bryant's sexual harassment but Weaver prepared a fabricated report stating that Plaintiff was being sexually harassed by another inmate; and that Defendant Horn was not present at the time Plaintiff was sprayed with mace. (Id. at 5). (Id.). When Plaintiff reported Weaver's fabrications to Defendant Moore, Moore simply laughed at him. (Id.).

On August 9, 2009, Plaintiff wrote to Defendants Steele, Neely, Lewis and Dalrymple and reported Defendant Weaver's misconduct. (Id. at 5-6). However, Defendant Dalrymple wrote and advised Plaintiff to present his grievances to the staff at Lanesboro; and, despite Plaintiff's report of being uncomfortable with complaining at his facility due to Defendant Weaver's misconduct, Defendant Bennett wrote to Plaintiff and advised him to proceed with his grievances at Lanesboro. (Id.).

Finally, on or about August 11, 2009, Plaintiff was charged with an "A-98" violation for falsifying reports. (Id. at 6). Later that day when Plaintiff was called to Defendant Mullis' office in order to write his statement, Mullis refused to allow Plaintiff to mention Defendant Weaver's misconduct. (Id. at 6). Without any warning, Defendant Bryant showed up and grabbed Plaintiff by one of his writs and twisted it. (Id.). Defendant Bryant then bent back one of Plaintiff's thumbs and sprayed him with mace. (Id.). After taking Plaintiff to the shower for

decontamination, Defendant Bryant pushed Plaintiff's head into the wall and then left him in the shower. (Id. at 6-7). By way of relief, Plaintiff seeks millions of dollars in compensatory and punitive damages for his "psychological and physical injuries"; he asks that "every prison official be demoted or relieved of their duties"; and he asks to be released from lock up. (Id. at 7).

Concerning the exhaustion of his administrative remedies, Plaintiff's Complaint reflects that he submitted a single grievance against these Defendants on or about August 24, 2009. (Id. at 8). However, Plaintiff's grievance was returned to him, unprocessed, because it improperly sought to complain about more than one incident, and it sought, in part, to appeal a decision rendered in a disciplinary proceeding. (Id.). In addition, Plaintiff has submitted a Verified Statement (Doc. No. 5) reporting that he fully exhausted his administrative remedies, but he has failed to attach copies of any documents to establish that he completed all three steps of the administrative remedies procedures provided by the North Carolina Department of Corrections.

Notwithstanding the fact that Plaintiff's allegations appear to be sufficient to survive the Court's frivolity review, his Complaint still may be subject to dismissal as unexhausted. Accordingly, the Court will direct Plaintiff to provide copies of any documents by which he can demonstrate that he has fully exhausted his administrative remedies.

**NOW, THEREFORE, IT IS HEREBY ORDERED that:**

1. Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs (Doc. No. 1-2) is **GRANTED**;

2. The Clerk shall re-enter its Order Waiving Initial Partial Filing Fee and Directing the Correctional Facility to Transmit Partial Payments (see Doc. No. 3);

3. Within thirty (30) days of the entry of this Order Plaintiff shall file copies of any

documents by which he can demonstrate that he has fully exhausted his administrative remedies. **Failure to comply with this directive could result in the dismissal of Plaintiff's Complaint.**

SO ORDERED.

Signed: April 4, 2011

Graham C. Mullen
United States District Judge