UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:09-cv-382-GCM

| ERIC L. TOLBERT, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | ORDER |
| FNU STEVENSON, et al., | ) | |
| Defendants. | ) | |

**THIS MATTER** is before the Court on its own motion after reviewing pending cases on the Docket.

## I. BACKGROUND

According to his Complaint, Plaintiff is an inmate in the custody of the North Carolina Department of Corrections, and is being housed at the Lanesboro Correctional Institution. (Doc. No. 1 at 2). Plaintiff's Complaint sets forth the following allegations. On July 18, 2009, Plaintiff pressed the call button in his cell because he was "tired of the constant sexual advances that [were] coming from [Defendant] C/O Bryant." (Id. at 3). In response, Defendant Mullis went to Plaintiff's cell, along with Defendant Horn, and Mullis sprayed Plaintiff with mace for pressing his call button. (Id.). Defendant Mullis reportedly sprayed Plaintiff without first allowing him to explain why he had pressed the button. (Id.). Later that night, Plaintiff wrote two confidential grievances; however, he does not indicate to whom he sent those documents. (Id.). On or about July 25, 2009, Plaintiff was charged with three infractions; and, despite the fact that Defendant Horn was present during the mace incident, he was assigned to investigate the charges underlying Plaintiff's infractions. (Id.).

1

On July 27, 2009, Defendants Stevenson and Preston approached Plaintiff at his cell regarding his confidential grievances. (Id.). At that time, Plaintiff advised these Defendants of the mace incident and of Defendant Bryant's sexual harassment. (Id. at 3-4). Plaintiff reportedly asked these Defendants for protection from Bryant, and the Defendants promised to investigate and to protect him but failed to do so. (Id. at 4).

On August 4, 2009, Plaintiff met with Defendant Steele concerning the infractions. (Id.) However, Plaintiff also advised Defendant Steele of Defendant Bryant's sexual harassment, at which point Steele promised to assign Defendant Kinney Moore to investigate Plaintiff's allegations. (Id.). Later that day, Defendant Moore met with Plaintiff, took his statement, promised a confidential investigation, and told Plaintiff he would be advised of the conclusion of the investigation. (Id.). In the meantime, on August 7, 2009, Defendant Weaver conducted a hearing on Plaintiff's infractions. (Id. at 4-5). Plaintiff told Defendant Weaver that he had pushed his call button as a result of Defendant Bryant's sexual harassment but Weaver prepared a fabricated report stating that Plaintiff was being sexually harassed by another inmate; and that Defendant Horn was not present at the time Plaintiff was sprayed with mace. (Id. at 5). When Plaintiff reported Weaver's fabrications to Defendant Moore, Moore simply laughed at him. (Id.).

On August 9, 2009, Plaintiff wrote to Defendants Steele, Neely, Lewis and Dalrymple and reported Defendant Weaver's misconduct. (Id. at 5-6). However, Defendant Dalrymple wrote and advised Plaintiff to present his grievances to the staff at Lanesboro; and, despite Plaintiff's report of being uncomfortable with complaining at his facility due to Defendant Weaver's misconduct, Defendant Bennett wrote to Plaintiff and advised him to proceed with his grievances at Lanesboro. (Id.).

Finally, on or about August 11, 2009, Plaintiff was charged with an "A-98" violation for falsifying reports. (Id. at 6). Later that day when Plaintiff was called to Defendant Mullis' office in order to write his statement, Mullis refused to allow Plaintiff to mention Defendant Weaver's misconduct. (Id. at 6). Without any warning, Defendant Bryant showed up and grabbed Plaintiff by one of his writs and twisted it. (Id.). Defendant Bryant then bent back one of Plaintiff's thumbs and sprayed him with mace. (Id.). After taking Plaintiff to the shower for decontamination, Defendant Bryant pushed Plaintiff's head into the wall and then left him in the shower. (Id. at 6-7). By way of relief, Plaintiff seeks millions of dollars in compensatory and punitive damages for his "psychological and physical injuries"; he asks that "every prison official be demoted or relieved of their duties"; and he asks to be released from lock up. (Id. at 7).

## II. DISCUSSION

On March 19, 2012, the Defendants filed an answer and a motion to dismiss Plaintiff's Complaint contending that Plaintiff had failed to exhaust his administrative remedies as required by the Prisoner Litigation Reform Act. 42 U.S.C. § 1991(e)(a). (Doc. No. 52). The Court entered an Roseboro Order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff of his obligation in responding to Defendants' motion to dismiss. Plaintiff was advised that he must file his response on or before May 7, 2012. (Doc. No. 54). The Clerk of Court sent a copy of the Roseboro Order to Plaintiff at his last known address, however to date, Plaintiff has not filed a response or otherwise challenged the documents produced by Defendants' in support of their motion to dismiss.

According to the North Carolina Department of Public Safety Offender Information website ("NC DPS"), Plaintiff began serving his sentence for second degree murder on or about

3

April 13, 1998. Plaintiff's projected release date was December 6, 2011. Plaintiff was apparently released from active incarceration from the NC DPS under the terms of probation/parole supervision. A search of the NC DPS website shows that Plaintiff has been listed as an absconder from his probation/parole supervision as of August 6, 2012. The NC DPS defines an absconder as one "who is currently present in the community and being supervised by the NC DPS Division of Adult Correction who has avoided supervision and cannot be located."[1]

Plaintiff initiated this action against the Defendants by the filing of a Complaint. Plaintiff was released on probation or parole not long after filing his Complaint and therefore had the obligation to provide the Court with a current address. While the Court is mindful that Plaintiff is proceeding pro se, it is not the responsibility of the Court to track down Plaintiffs or Defendants in an effort to ensure that their case continues to progress through the judicial system.

Moreover, federal law provides that a prisoner bringing a civil action under Section 1983 will be responsible for paying the full amount of the filing fee, notwithstanding their ability to apply to the Court to commence and prosecute the lawsuit without prepayment of fees or costs. 28 U.S.C. § 1915 (b). Plaintiff was allowed to proceed without prepayment of fees or costs, however, he still remains obligated for the full payment of fees and costs in order to fully prosecute this action.

Plaintiffs have a general duty and responsibility to prosecute their cases, and this includes the obligation to provide the Court with his current address. See Carey v. King, 856 F.2d 1439, 1441 (9th Cir. 1988). Plaintiff's failure to keep the Court informed of his new address constitutes a failure to prosecute. Federal Rule of Civil Procedure 41(b) provides as follows:

---

[1] http://webapps6.doc.state.nc.us/opi/termshelp.do

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule--except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19--operates as an adjudication on the merits.

The Plaintiff is warned that he must provide the Clerk of Court with his current address and submit a new application to proceed without prepayment of fees or costs as he is apparently no longer in custody. Plaintiff is also reminded, pursuant to the <u>Roseboro</u> Order, of obligation in responding to Defendants' motion to dismiss. Finally, Plaintiff is warned that failure to follow the terms of this Order will result in the dismissal of Plaintiff's Complaint.

**IT IS, THEREFORE, ORDERED** that the Plaintiff (1) shall provide the Clerk of Court with his current address within ten (10) days from entry of this Order, and (2) submit a new application to proceed without prepayment of fees or costs.

The Clerk of Court is respectfully directed to send a copy of this Order and an Application to Proceed Without Prepayment of Fees or Costs to Plaintiff at his last known address.

Signed: August 6, 2012

Graham C. Mullen
United States District Judge